**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| KENARD E. JOHNSON | : | |
| Plaintiff | : | |
| v | : | Civil Action No. RWT-05-1865 |
| L. WILEY and SGT. WYNE | : | |
| | : | |
| Defendants | | |

o0o

## MEMORANDUM OPINION

Pending in this case is Plaintiff's Motion for Relief from Summary Judgment pursuant to Fed. R. Civ. Proc. 60(b)(2) and (3).[1] (Paper No. 24). Defendants have opposed the motion. (Paper No. 30). For the reasons that follow, Plaintiff's motion shall be denied.

### Background

This case was dismissed on summary judgment on November 14, 2005. (Papers No. 14 and 15). Plaintiff alleged in his complaint that he was falsely accused of committing fourteen crimes without probable cause. (Paper No. 1 at p. 3). He claimed that during an investigation of a series of commercial burglaries in the Bethesda, Maryland area occurring between October, 2000, and December 17, 2001, Defendants engaged in police misconduct.(Id.) Plaintiff claims that early descriptions of the suspect involved in the burglaries did not match his physical description. On June 1, 2001, a physical description of Plaintiff was provided to Defendant Wiley by Detective Doug Allen of Fairfax County, Virginia. (Id.) Plaintiff claimed that upon receipt of his description,

---

[1]The motion was incorrectly docketed as a Motion for Summary Judgment. The Clerk will be directed to correct the docket to accurately reflect the nature of the motion.

Defendants began a concerted effort to charge and arrest him for the crimes.[2] (Id.) Those efforts resulted in the issuance of a warrant for Plaintiff's arrest on January 15, 2002. (Id.)

Plaintiff alleged that the description of the suspect in the burglaries did not fit his description and that he became a suspect only after a picture of him was provided to Defendant Wiley. (Paper No. 1 at p. 1). He claimed that it was only after he was identified as a potential suspect that the description of the suspect was changed to fit his description. (Id. at p. 7). He based this allegation on the fact that a general description by the victims of the OTG Software burglary described the suspect as 35 to 45 years old, 5'9" to 6'0" tall, weighing 150 pounds with brown eyes, short black hair and a beard. (Id. at p. 8)

The warrant issued for Plaintiff's arrest was lodged as a detainer against him during his confinement in a federal prison. (Id. at pp. 5–6). Plaintiff asserts that the detainer caused him to be classified at a higher security level. (Id at p. 6). Upon release from federal custody on November 7, 2002, he was picked up by Virginia authorities, where the arrest warrant was again lodged as a detainer. (Id.) Plaintiff remained in the custody of Virginia authorities until April 1, 2004. (Id.) He was extradited to Maryland on April 3, 2004, for the arrest warrant issued by the Montgomery County police department. (Id.)

Plaintiff claimed he appeared before a State magistrate and presented documents establishing that he was incarcerated in a federal prison on the dates he was alleged to commit the burglaries. (Id.) He alleged the evidence was ignored, bail was set at $25,000, and he remained in custody for

---

[2] Plaintiff asserts that there was no probable cause to believe he was involved in the burglaries because he was incarcerated and/or confined to a substance abuse treatment facility on ten of the dates burglaries were committed. (Id. at pp. 4–5). Plaintiff also asserts that he was falsely accused of committing four other burglaries while he was not confined to a correctional or treatment facility. (Paper No. 1 at p. 5).

five days before he could post bail. (Id.)  Thereafter, Plaintiff asserted that he appeared in court for the charges on three separate dates until the entry of nolle prosequi was made, on July 9, 2004, at the request of the State's Attorney. (Id.)

The undersigned found Defendants were entitled to avail themselves of a qualified immunity defense in this case and granted summary judgment in their favor.  The descriptions provided by the victims were not the only evidence relied upon to identify Plaintiff as the suspect involved in the burglaries.  Comparisons between videotapes of the suspect committing the robberies and pictures of Plaintiff were also part of the basis for the identification. In addition, other descriptions provided by other victims did match Plaintiff's description.   The alleged discrepancy does not negate the strength of the other evidence supporting the identification of Plaintiff as a suspect, nor is it evidence that his identification was an unjustifiable conclusion.  To the extent that information regarding Plaintiff's whereabouts during some of the periods of time when burglaries were being committed later came to light, the existence of probable cause at the time the arrest warrant was issued remains unaffected by that subsequent revelation.  Accordingly, Defendants did not transgress a bright line that would have cast doubt on the determination of probable cause or the validity of the arrest warrant.

Plaintiff appealed the decision in this case to the Court of Appeals for the Fourth Circuit on November 21, 2005.  (Paper No. 18).  On May 4, 2006, the decision was affirmed by the Fourth Circuit by per curiam opinion. (Paper No. 23).  The pending motion was filed on May 4, 2006, alleging that newly discovered evidence which was in possession of Defendants at the time they filed their summary judgment motion entitles Plaintiff to relief from the order granting summary judgment. (Paper No. 24).  Specifically, Plaintiff claims that the failure of Defendants to provide

police investigative reports for the Costello, Stratley and Chambers crimes was deceptive and the reports constitute newly discovered evidence under Fed. R. Civ. Proc. 60(b). (Id. at pp. 6–7). Plaintiff appends copies of the reports to his motion. Defendants assert that the reports do not constitute newly discovered evidence that changes the analysis in the disposition of the claims raised in this case. (Paper No. 30).

Standard of Review

Fed. R. Civ. Proc. 60(b) provides that the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. To obtain relief from summary judgment based on newly discovered evidence, the moving party must show that the evidence existed at the time of summary judgment motion, could not have been discovered through due diligence, and is of such magnitude that production of it earlier would have been likely to change disposition of case. See Western Helicopter Services, Inc. v. Rogerson Aircraft Corp., 777 F. Supp. 1543, 1545 (D. Or. 1991). The newly discovered evidence relied upon for the Rule 60(b) motion cannot be merely cumulative, rather it must be evidence that actually changes the analysis of the claims presented. See Smith v. Reddy, 101 F. 3d 351, 357 (4th Cir. 1996) (Rule 60 (b) motion was properly denied where the

4

alleged new evidence appeared in the original summary judgment record and the few inconsistencies between deposition testimony and affidavits did not constitute clear and convincing evidence of misconduct).  In the instant case, the evidence presented by Plaintiff in his motion does not change the analysis of the claims presented.

The only police report included with Plaintiff's motion that was not previously filed in this court is attached as Exhibit 1.  (Paper No. 24 at Ex. 1).  The substance of that report does not differ in any material respect to the police reports submitted by Defendants with their Motion for Summary Judgement, or the police report submitted by Plaintiff with his Complaint.  (See Paper No. 5 at Ex. 1 and Paper No. 1 at Ex. 1).  All of the reports indicate a general description of the burglary suspect as a black man, between 5 feet 7 inches and 5 feet 8 inches, with a prominent skin condition on the back of his head.  Each report also references security video tapes where the suspect is seen entering the building and leaving with a bag he did not have when he entered.  To the extent that each witness's description varied as to minor details such as approximate weight and height, that evidence was before the undersigned when summary judgment was granted in favor of Defendants.  As noted, the witness identifications which Plaintiff claims are inconsistent were not the only information relied upon to establish probable cause for his arrest.  In addition, the existence of mistaken identity or the discovery of evidence that an arrestee is actually innocent does not negate the good faith used to establish probable cause for the warrant.  "[R]easonable law officers need not 'resolve every doubt about a suspect's guilt before probable cause is established.'" Gomez v. Atkins, 296 F. 3d 253, 262 (4th Cir. 2002), quoting Torchinsky v. Siwinski, 942 F. 2d 257, 264 (4th Cir. 1991).

The alleged failure of Defendants to include the reports with their Motion for Summary Judgment does not constitute fraud or misrepresentation.  First, there was no scheduling order

5

requiring discovery in this case; therefore, there was no requirement for Defendants to provide Plaintiff with the police reports at issue. Secondly, the evidentiary value of those reports are not dispositive of the claims raised. Lastly, the missing police report differs in no material respect to the reports submitted previously with the Motion for Summary Judgment.

Having found no basis for relief under Rule 60(b), Plaintiff's motion shall be denied by separate Order which follows.

| | |
|---|---|
|   6/20/06  <br>Date |         /s/        <br>ROGER W. TITUS<br>UNITED STATES DISTRICT JUDGE |